IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv-01054–MSK-KMT

LAKEVIEW RENOVATIONS, INC. dba NORTH AMERICAN PROPERTY SERVICES, INC.,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipal corporation, and
SHEILA DIDUCH,

    Defendants.

---

# ORDER

---

This matter is before the court on Defendants' "Motion to Stay Discovery" (Doc. No. 30, filed August 21, 2015.)

In their Motion to Stay, Defendants seek to stay discovery in this matter until a ruling is issued as to its Motion to Dismiss (Doc. No. 24). The Motion to Dismiss asserts that Plaintiff's Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (*See id.*)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Courts have routinely recognized that discovery may be inappropriate while issues of

immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The court acknowledges that Plaintiff has an interest in proceeding expeditiously with this matter and there is some prejudice to the Plaintiff in delaying discovery. Moreover, the court is not convinced that Defendants would face a significant burden by proceeding with discovery. Defendants argue the discovery will be "expensive and time-consuming." However, Defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez*, *supra*. In their motion to dismiss, Defendants assert that the court lacks jurisdiction over only one of Plaintiff's claims. Granting a stay under these circumstances would suggest that a stay of discovery is

appropriate nearly any time a defendant files a motion to dismiss. This result would not only be contrary to the disfavored status of stays in this District, *see Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009), but would also make the court's docket thoroughly unpredictable and, hence, unmanageable, *Sanaah v. Howell,* 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

Convenience to the court is not overly implicated in this circumstance. The court expects that the parties will respectfully, responsibly, and in a spirit of cooperation move through the discovery process, thus avoiding problems. Moreover, to the extent the parties disagree about discovery and depositions, they must comply with this court's Civil Practice Standards in an attempt to avoid the filing of discovery motions.

Finally, neither the interests of nonparties nor the public interest in general prompts the court to reach a different result. Indeed, the public interest favors the prompt and efficient handling of all litigation. *Sanaah,* 2009 WL 980383, at *1. Accordingly, on balance, the court finds that a stay of this case is unwarranted.

Therefore, for the foregoing reasons, it is

**ORDERED** that Defendants' "Motion to Stay Discovery" (Doc. No. 30) is **DENIED**.

Dated this 17th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge