# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01054-MSK-KMT

LAKEVIEW RENOVATIONS, INC. dba NORTH AMERICAN PROPERTY SERVICES, INC.

 Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,

and

SHEILA DIDUCH,

 Defendants.

---

## JOINT AND STIPULATED PROTECTIVE ORDER
---

 Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

 1. All Confidential Discovery Material produced or exchanged in the course of this litigation shall be used solely for the prosecution, defense, and/or settlement of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

 2. A producing party may designate as "Confidential" any document or information that it has determined in good faith consists of or relates to the following: (a) trade secrets, including but not limited to, employee lists, client lists, prospective client lists, bid and pricing information, records, forms, computer printouts, systems information, computer software,

manuals, other business records and information, methods for the operation of the businesses; (b) financial, tax and accounting information, confidential or proprietary business-related information, business plans or projections, acquisition offers or expressions of interest, proposed strategic transactions or other business combinations, and competitive analyses; and (c) confidential personal information.

3. "Confidential Discovery Material," as used herein, means any information of any type, kind or character which is designated as "Confidential" by any of the supplying or producing parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.  In designating information as "Confidential," a party or third party will make such designation only as to the information that it in good faith believes contains confidential information and which that party has treated as confidential, proprietary, or trade secret information prior to the commencement of this litigation.

4. "Qualified Persons," as used herein, means:

   a. This Court and relevant Court personnel;

   b. Counsel for a party (including in-house counsel) and necessary secretarial, clerical and paralegal personnel assisting with the litigation of this action;

   c. Any expert, consultant, jury consultant, or other person (and his or her direct staff and/or mock jurors) who is retained by counsel for the purpose of consulting and/or testifying in this litigation, provided that each such expert or consultant shall have previously signed the Acknowledgement of Protective Order, as provided in Exhibit A;

   d. Persons who authored or received the document outside of this litigation,

as shown on the face of the document;

    e.    Court reporters and videographers retained to transcribe or record testimony;

    f.    The parties, including any officer, director, agent, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this matter, provided that each such person shall have been advised of the Protective Order.

    g.    Deponents, witnesses, or potential witnesses to the extent counsel has a reasonable and good faith belief that such persons will be witnesses in this case and that the witnesses' examination with respect to the Confidential Discovery Material is necessary in connection with such testimony, provided that each such person shall have signed the Acknowledgement of Protective Order, as provided in Exhibit A, except that persons described in ¶ 4(f) shall not be required to execute an Acknowledgement of Protective Order; and

    h.    Interpreters, support vendors and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like.

    i.    Other persons upon written agreement of the parties; and

    j.    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

5.    Documents produced in this action may be designated by any party or third party as "Confidential" by marking each page of the document(s) so designated with a stamp or other text stating "Confidential." Any duplication of Confidential Discovery Material authorized by this Protective Order shall include the same designation on the copy as exists on the original.

Documents produced in an electronic or other format in which stamping the document is not possible shall be designated by including "Confidential" (or a reasonable abbreviation) in the name of each file that the party wishes to designate or, if that is impractical, in another way that will provide the receiving party with reasonable notice of the designation.

6. Any party may designate deposition testimony as "Confidential" by so stating during the course of the deposition so that the designation is included in the transcript or by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the certified transcript which should be treated as "Confidential" thereafter.  Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.  All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the certified transcript.

7. Confidential Discovery Material shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

8. Documents previously produced may be retroactively designated by notice in writing to all parties that the document is Confidential Discovery Material by Bates number (if any) within thirty (30) days of the entry of this order.  Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.  A receiving party shall make a reasonable, good faith effort to promptly collect any copies that have been provided to individuals other than Qualified Persons entitled to receive the document under the revised designation and shall inform Qualified Persons who are entitled

to receive the document of the revised designation.

9. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures.

10. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential." If the requested change in designation is not agreed to within ten (10) business days, the party seeking the change may move the Court for appropriate relief. The designating party shall have the burden of proving that the Confidential Discovery Material is within the scope of protection afforded by this Protective Order.

11. The parties may, by agreement, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

12. Documents and information shall not be designated as "Confidential" if it is a document or information that:

    a. is in the public domain at the time of disclosure, as evidenced by a written document or the presence of the document or information on the internet;

       b.    becomes part of the public domain through no fault of the receiving party, as evidenced by a written document or the presence of the document or information on the internet;

       c.    the receiving party can show by written document (or on the internet) that the information was in its rightful and lawful possession or was in the public domain at the time of disclosure;

       d.    the receiving party receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party; or

       e.    has been previously disclosed to an outside third party with no request or expectation that the information be regarded as "Confidential."

13.    Nothing in this Protective Order shall prevent the parties from using their own Confidential Discovery Material in any manner the party deems appropriate including for purposes not related to this litigation.  Nothing in this Protective Order shall be deemed to restrict a party's use or disclosure of documents or information that it obtained from another party or from a nonparty before the commencement of this action, regardless of whether a party or nonparty designates the same documents or information as Confidential Discovery Material pursuant to this Protective Order.

14.    A party or third party that designates material as "Confidential" may remove or change the designation by providing notice to the receiving parties and/or providing substituted documents with the stamp removed or changed.

15.    In the event a party wishes to use any Confidential Discovery Material in any

affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, that party shall file a Motion to Restrict pursuant to D.C. COLO. LCivR 7.2, seeking to restrict public access to the Confidential Discovery Material under Level 1.  The party seeking to use Confidential Discovery Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation may also coordinate with the producing party to redact information contained therein to the producing party's satisfaction in lieu of filing a Motion to Restrict.

16. If a party desires to use Confidential Discovery Material in open court, that party shall provide the producing party with an opportunity to object before the Confidential Discovery Material is revealed to any person not entitled to receive it under the terms of this Protective Order or is made part of the Court record without being sealed or restricted.  Neither this Protective Order nor the production of documents pursuant to this Protective Order shall be interpreted as limiting or waiving a producing party's objection to the disclosure of information or its use in open court.

17. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, all documents designated "Confidential" and all reasonably accessible copies shall either be returned to the relevant producing parties or destroyed.  A party or third party may request that counsel for a party certify in writing that reasonable steps were taken to gather and destroy all documents designated "Confidential" and that all such documents have been destroyed. Counsel shall obtain the same certification from all persons to whom counsel provided copies of documents designated "Confidential."  Provided, however, that (a) counsel for the parties shall be entitled to retain papers filed with the Court, deposition transcripts and

7

exhibits, expert witness reports, and trial exhibits and (b) expert witnesses disclosed by a party may retain any reports generated during the course of this litigation and any material prepared at the request of counsel.

18. The provisions of this Protective Order concerning the use and disclosure of Confidential Discovery Material shall continue in effect after the conclusion of this action. The Court retains and shall have jurisdiction over the parties and all recipients of Confidential Discovery Material for purposes of enforcing this Protective Order.

19. If a party receives a request, including but not limited to a subpoena in a legal or administrative proceeding, for the production of Confidential Discovery Material provided by another party or a nonparty, that party shall promptly notify the party or nonparty who provided the Confidential Discovery Material or its counsel, shall permit the producing party or nonparty to assert all appropriate objections, and shall decline to produce the Confidential Discovery Material on the basis of this Protective Order except upon court order entered after the notice and procedures set forth above have been followed. The parties acknowledge that the City and County of Denver is subject to the Colorado Open Records Act, C.R.S. §§ 24-72-201, *et seq.* ("CORA") and that documents created or obtained by the City and County of Denver outside of this lawsuit and in the possession of the City and County of Denver may be provided pursuant to CORA notwithstanding the fact that they also were produced by a party or non-party, including those marked Confidential pursuant to this Protective Order.

20. Nothing contained in this Protective Order shall affect the rights, if any, of the parties to make any objection, claim, or other response to any discovery request, subpoena, or question at a deposition, nor shall this Protective Order be construed as a waiver by the parties of

any legally cognizable ground or privilege to withhold any document or information, or of any right that the parties may have to assert such ground or privilege at any stage of the litigation or any appeal. Nothing contained in this Protective Order and no action pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Discovery Material produced or sought.

21. Nothing contained in this Protective Order shall affect the City and County of Denver's obligations pursuant to the Colorado Open Records Act with regard to documents provided by Plaintiff that were obtained by the City prior to or outside of this litigation. Information or documents provided by Plaintiff that were obtained or in the City's possession, custody or control prior to or outside of this lawsuit shall not be deemed Confidential Discovery Material even if Plaintiff produces copies of such documents during the course of this litigation which are deemed Confidential. In the event the City and County of Denver or one of its departments receives a request for documents pursuant to the Colorado Open Records Act regarding documents provided by or related to Plaintiff, the City and County of Denver will take reasonable efforts to notify Plaintiff of the request prior to responding to it.

22. The parties agree that upon the execution of this Protective Order by all signatory counsel, the parties are and shall be bound hereby. The parties acknowledge and agree that their respective signing counsel have the authority to execute this Protective Order and thereby bind the respective parties.

23. This Protective Order may be executed by facsimile and in counterparts.

SIGNED this the 10th day of December, 2015.

BY THE COURT:

_____

Kathleen M. Tafoya
United States District Court Judge

Case 1:15-cv-01054-MSK-KMT   Document 51   Filed 12/10/15   USDC Colorado   Page 11 of 12

AGREED:

SHERMAN & HOWARD L.L.C.

By: *s/ Tamir I. Goldstein*
    Tamir I. Goldstein
    William R. Reed
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
(303) 297-2900
(303) 298-0940 (FAX)
tgoldstein@shermanhoward.com
wreed@shermanhoward.com
*Attorneys for Plaintiff*


By: *s/ Tracy A. Davis*
    Tracy A. Davis, #35058
    Robert G. Wheeler, #28889
    Joshua L. Roberts, #46139
Assistant City Attorney
City and County of Denver City Attorney's Office
201 West Colfax Ave., Dept. 1207
Denver, CO 80202-5332
(720) 913-3282
tracy.davis@denvergov.org
robert.wheeler@denvergov.org
joshua.roberts@denvergov.org
*Attorneys for Defendants*

10

# EXHIBIT A

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____

2. The name and address of my present employer is _____
_____

3. My present occupation or job description is _____
_____

4. My present relationship to plaintiff(s)/defendant(s) is _____
_____

5. I have received a copy of the Protective Order in this action.

6. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Discovery Material received under the protection of the Protective Order.

7. I further agree to submit to the jurisdiction of the United States District Court, District of Colorado, and understand that the Court may impose sanctions for any violation of the Protective Order, and that violation of the Protective Order may also provide the basis for civil action. I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this _____ day of _____, 20___, in the State of
_____.

_____
Signature

11